UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ROBERTO TREJOS-TORREZ, on behalf of himself and others similarly situated,

    Plaintiff,

vs.

A1 ADVANCED TOWING CORP., a Florida Profit Corporation, A1 ADVANCED WRECKER CORP., a Florida Profit Corporation, A1 ADVANCED TOWING & TRANSPORT INC., a Florida Profit Corporation, JEANNETTE MARTIN, an individual, and FERNANDO MARTIN, an individual,

    Defendants.
_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff ROBERTO TREJOS-TORREZ ("Plaintiff"), on his own behalf and on behalf of those similarly situated ("Class Members"), who were employees of Defendants A1 ADVANCED TOWING CORP., A1 ADVANCED WRECKER CORP., A1 ADVANCED TOWING & TRANSPORT INC. (all corporations together, "A1 Advanced"), JEANNETTE MARTIN, and FERNANDO MARTIN, (A1 Advanced and individuals together, "Defendants"), and files this Collective Action Complaint for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA") and for a declaration of rights.

1

## I.     NATURE OF THE CASE

1. Pursuant to the FLSA, Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA.  The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

   > All persons who operated tow trucks for Defendants during the three years preceding the filing of this lawsuit and who were not paid their overtime wages due for one or more weeks.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

3. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II.     JURISDICTION AND VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' tow truck operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff and Class Members' federal question claims.

## III.     PARTIES

6. Plaintiff ROBERTO TREJOS-TORREZ ("TREJOS-TORREZ") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §

2

203(e), from approximately July, 2016 to October, 2017.  Plaintiff consents to participate in this lawsuit.

7. Plaintiff and Class Members were employed as tow truck drivers for Defendants.

8. Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA during the three years preceding the filing of this lawsuit ("FLSA Relevant Time Period").

9. Defendant A1 ADVANCED TOWING CORP. ("A1 Towing Corp") is a Florida profit corporation that employed Plaintiff and Class Members.

10. Defendant A1 ADVANCED WRECKER CORP. ("A1 Wrecker Corp") is a Florida profit corporation that employed Plaintiff and Class Members.

11. Defendant A1 ADVANCED TOWING & TRANSPORT INC. ("A1 Transport Inc.") is a Florida profit corporation that employed Plaintiff and Class Members.

12. Defendant JEANNETTE MARTIN ("Ms. Martin"), an individual and *sui juris*, pon knowledge and belief is an owner and employer of the A1 Advanced corporate entities and president of A1 Wrecker Corp. Ms. Martin acted directly and indirectly in the interest of A1 Advanced. Ms. Martin managed A1 Advanced and had the power to direct employees' actions.  Ms. Martin had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at A1 Advanced in accordance with the FLSA, making Defendant Jeannette Martin an employer pursuant to 29 USC § 203(d).

13. Defendant FERNANDO MARTIN ("Mr. Martin"), an individual and *sui juris*, upon knowledge and belief is an owner, manager and employer of all A1 Advanced entities. Mr. Martin acted directly and indirectly in the interest of A1 Advanced. Mr. Martin managed A1

3

Advanced and had the power to direct employees' actions. Mr. Martin had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at A1 Advanced in accordance with the FLSA, making Defendant Fernando Martin an employer pursuant to 29 USC § 203(d).

### IV.  COVERAGE

14. During all material times, Defendant A1 ADVANCED TOWING CORP. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. During all material times, Defendant A1 ADVANCED WRECKER CORP. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. During all material times, Defendant A1 ADVANCED TOWING & TRANSPORT INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. During all material times, Defendant JEANNETTE MARTIN was an employer as defined by 29 U.S.C. § 203(d).

18. During all material times, Defendant FERNANDO MARTIN was an employer as defined by 29 U.S.C. § 203(d).

19. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff and Class Members, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

20. During all material times, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or, if Defendants' enterprise had been in operation less than a year, was projected, based on monthly revenue, to have annual revenues in excess of $500,000.

21. During all material times, Plaintiff and Class Members were individuals engaged in commerce under the FLSA, in that they were tow truck operators who, on the interstate highway system, the Florida Turnpike, and other connecting and interstate roadways, such as U.S. Highway 1, cleaned up accident scenes, towed disabled or abandoned vehicles, rendered roadside assistance, and helped maintain an unobstructed flow of traffic.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## V.     FACTUAL ALLEGATIONS

22. Upon knowledge and belief, Defendants operate a towing company under the various names A1 Advanced Towing Corp., A1 Advanced Wrecker Corp., A1 Advanced Towing & Transport Inc. located in Miami-Dade County, Florida, where Plaintiff and the Class Members were employed.

23. Plaintiff and Class Members worked for Defendants driving Defendants' tow trucks and performing tow truck services at various times during the three years preceding the filing of this lawsuit ("Relevant Time Period").

24. In the instant case, Plaintiff and Class Members were misclassified as independent contractors when they were actually non-exempt employees of Defendants.

25. Plaintiff and Class Members regularly worked hours on-the-clock in excess of forty per workweek but were not paid for these hours worked.

26. Defendants also suffered or permitted Plaintiff and Class Members to work off-the-clock at the beginning of the workday, and off-the-clock at the end of their workday.

27. For each hour worked in excess of forty per workweek, Defendants owe Plaintiff and Class Members at the rate of one-and-a-half times their regular rate of pay.

28. Because of the misclassification of Plaintiff and Class Members as independent contractors, and for suffering or permitting Plaintiff and Class Members to work overtime without compensation during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and Class Members the applicable overtime wage under the FLSA.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

31. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

32. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion— not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

33. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they operated Defendants' tow trucks and cleaned up accident scenes on, towed disabled or abandoned vehicles from, rendered roadside assistance on, and helped maintain an unobstructed flow of traffic on the interstate highway system.

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

34. Plaintiff and those similarly situated were subjected to similar policies in that they were non-exempt tow truck drivers who were misclassified as independent contractors and paid a set amount each week without regard to overtime hours worked.

35. Plaintiff and Class Members were subjected to similar policies in that Defendants suffered or permitted Plaintiff and Class Members to work overtime hours without overtime compensation.

36. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who operated tow trucks for Defendants during the three years preceding the filing of this lawsuit and who were not paid their overtime wages due for one or more weeks.

37. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of misclassifying Plaintiff and Class Members as independent contractors and forcing them to work overtime hours without overtime wage compensation.

39. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing operators of their tow trucks in an enterprise engaged in commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the overtime rate of

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

time-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

40. Thus, Defendants acted willfully by failing to pay Plaintiff, and Class Members, in accordance with the law.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

41. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein and further alleges as follows:

42. Defendants misclassified Plaintiff and Class Members as independent contractors although they were employees.

43. Defendants regularly suffered or permitted Plaintiff and Class Members to work hours in excess of forty per workweek but did not pay them at the statutory overtime rate.

44. Defendants regularly suffered or permitted Plaintiff and Class Members to work off-the-clock at the beginning and end of their shifts.

45. Defendants knew or showed reckless regard for whether their actions complied with the Fair Labor Standards Act.

46. By suffering or permitting Plaintiff and Class Members to work hours in excess of forty per workweek without paying them at the statutory overtime rate, Defendants owe Plaintiff and Class Members one-and-a-half times their regular rate of pay for each hour worked in excess of forty hours in a week.

47. As a direct and proximate result of suffering or permitting Plaintiff and Class Members to hours in excess of forty per workweek without paying them at the statutory overtime rate,

Plaintiff and Class Members have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ROBERTO TREJOS-TORREZ, on behalf of himself and those similarly situated, demands judgment in their favor and against Defendants A1 ADVANCED TOWING CORP., A1 ADVANCED WRECKER CORP., A1 ADVANCED TOWING & TRANSPORT INC., JEANNETTE MARTIN, and FERNANDO MARTIN, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty in a week at one-and-a-half times their regular rate of pay;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked in excess of forty in a week at one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## DECLARATION OF RIGHTS

48. Plaintiff reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein, and further alleges as follows:

49. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

10

50. Defendants did not rely on a good faith defense in misclassifying Plaintiff as an independent contractor and requiring him to work overtime hours without overtime wage compensation.

51. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

52. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE, Plaintiff ROBERTO TREJOS-TORREZ demands judgment in his favor and against Defendants A1 ADVANCED TOWING CORP., A1 ADVANCED WRECKER CORP., A1 ADVANCED TOWING & TRANSPORT INC., JEANNETTE MARTIN, and FERNANDO MARTIN, jointly and severally, as follows:

  a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;
  b) Enjoin Defendants from further violations of the FLSA;
  c) Award Plaintiff reasonable attorneys' fees and costs;
  d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 24th day of October, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*

11

17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **October 24, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808